## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARVELL LUSTER, #327252,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 20-cv-00243-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| **SHERIFF RICK WATSON,** | ) |
| **WEXFORD HEALTH STAFF,** | ) |
| **MAINTENANCE CREW,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darvell Luster, a pretrial detainee at St. Clair County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In a self-styled "Motion to Sue Defendants," Plaintiff complains of exposure to toxic black mold at the Jail, and he seeks leave to pursue a claim against the defendants for the unconstitutional conditions of his confinement. (Doc. 1, p. 1). Plaintiff requests no relief in the motion. (*Id.*).

The Court construes the "Motion to Sue Defendants" as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant who is immune from relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 1): Plaintiff has been exposed to toxic black mold at St. Clair County Jail since he was confined in the lower level of C-Block on November 9, 2019.  The mold is present on the bathroom walls and most other walls.  Plaintiff and others have become ill as a result of their exposure to the mold.  Plaintiff does not describe any of his symptoms, but he alleges that some individuals have developed rashes.  Sheriff Rick Watson, St. Clair County Jail, Wexford health staff, and the maintenance crew have allegedly "known about the black mold for years," but they refuse to correct the problem.  (*Id*.).

Based on the allegations in the Complaint, the Court designates a single count in this *pro se* action:

> **Count 1:** Fourteenth Amendment due process claim against Defendants for exposing Plaintiff to toxic black mold in C-Block at St. Clair County Jail since November 9, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any claim that is encompassed by the allegations in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Plaintiff's claim arises under the Fourteenth Amendment Due Process Clause because it arose during his pretrial detention at St. Clair County Jail.  *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)).  As a pretrial detainee, Plaintiff was entitled to be free from conditions that "amount to punishment."  *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  A condition amounts to punishment, if "it is imposed for the purpose of punishment" or "if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id*. (quoting *Bell*, 441 U.S. at 538-39).

Plaintiff complains of a single condition: mold.  Conditions that cause inconvenience or even discomfort do not rise to the level of a constitutional violation.  *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971).  A potentially dangerous condition that is merely observed, but results in no injury, typically fails to state a claim.  *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim. . . .").  Plaintiff does not adequately describe the mold, other conditions, or his illness.  As a result, the Court is unable to ascertain whether the condition is sufficiently serious to support a constitutional claim.  Count 1 does not survive preliminary review and shall be dismissed.

Plaintiff shall have an opportunity to file an amended complaint, if he wishes to re-plead this claim against Sheriff Watson.  The condition he describes in the Complaint is considered "systemic" because the mold impacts a large number of inmates.  *Richard v. Baldwin*, No. 17-cv-4677, 2018 WL 6606037, at *4 (N.D. Ill. 2018).  Knowledge of systemic conditions can be imputed to supervisors and other high-ranking officials, including the sheriff.  *See Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016).  This is because supervisory officials are "expected to have personal responsibility for systemic conditions." *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (holding that "defendants such as the Sheriff and the Director of the Jail can realistically be expected to know about or participate in creating systemic jail conditions.").  Plaintiff named Sheriff Watson as a defendant because the sheriff has allegedly "known about the black mold for years" and failed to address the problem.

(Doc. 1, p. 1). Because this allegation suggests that the sheriff may be personally responsible for ongoing issues with mold at the Jail, Plaintiff will be allowed to re-plead his claim against the sheriff. As previously stated, however, he should describe, in more detail, the scope and duration of his exposure to the mold and any injuries or illness he suffered as a consequence.

All other defendants shall be dismissed with prejudice from this action. Plaintiff cannot proceed with his claim against "Wexford health staff" or the "maintenance crew." (*Id*.). "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). "Wexford health staff" and the "maintenance crew" are not individuals or even "persons" subject to suit under Section 1983.

Likewise, St. Clair County Jail is not considered a "person" under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Jail is not even considered a legal entity. A defendant named in a lawsuit must have legal capacity to be sued. *See* FED. R. CIV. P. 17(b). When making this determination, federal courts look to state law, and the county jail is not considered a suable entity under Illinois law. *Magnuson v. Cassarella*, 812 F. Supp. 824, 827 (N.D. 1992); *Isaacs v. St. Clair Cnty. Jail*, No. 08-cv-417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, the Jail shall also be dismissed.

In summary, Count 1 shall be dismissed *without* prejudice against Sheriff Rick Watson and *with* prejudice against St. Clair County Jail, Wexford health staff, and the maintenance crew. Plaintiff shall have an opportunity to file an amended complaint, if he chooses to do so. However,

Plaintiff is warned that he will be bound by the instructions and deadline in the below disposition, and failure to comply with both will result in dismissal of this action.  FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 23, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00243-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.  To ensure his ability to comply with this Order, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/25/2020**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**